UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL DICKERSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 23-3203 |
| | ) |
| JACK CAMPBELL, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, files a Complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated at the Sangamon County Jail. (Doc. 1). The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).

Plaintiff names six Defendants, including Sheriff Jack Campbell, Lieutenants B. Loftus, William Smith, and Tracy Brigae, Correctional Officer Mike Ward, and Sangamon County State's Attorney Dan Wright.

1

Plaintiff lists eleven counts in his Complaint. In Count 1, Plaintiff alleges he was retaliated against for filing three other lawsuits under § 1983 against Springfield, Illinois police officers. *See* Case Nos. 22-3184, 23-3144, and 23-3150. To state a First Amendment retaliation claim, a plaintiff must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Plaintiff does not include any allegations regarding who retaliated against him, what actions constituted retaliation, or when the retaliation occurred. Plaintiff's threadbare allegations are insufficient to state a First Amendment retaliation claim.

In Count 2, Plaintiff alleges that his legal and religious materials were confiscated, he was denied adequate healthcare and hygiene supplies, and lawbooks he ordered from the publisher were sent back. He does not specify who was involved or when these events occurred. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).

Plaintiff states that Jail administrative staff, including Defendants Smith, Loftus, and Ward, report directly to Defendant Sheriff Campbell. It appears that Plaintiff is attempting hold Defendant Campbell liable for the alleged constitutional violations because he is in a supervisory position. However, liability under § 1983 is based on personal responsibility, and Defendant Campbell cannot be held liable for the misdeeds of Jail staff members simply because of his supervisory role. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

3:23-cv-03203-JES  # 11  Filed: 10/30/23  Page 3 of 5

In Count 3, Plaintiff alleges that Defendant Wright, the Sangamon County State's Attorney, prosecuted him without probable cause, used fraudulent evidence, and misrepresented the facts during court proceedings. "Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause." *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017); *Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016) (concluding that indicting a person without probable cause, acting maliciously, refusing to consider exonerating evidence, presenting false evidence to a grand jury, and delaying trial "encompass prosecutorial acts or omissions for which . . . prosecutors enjoy absolute immunity."). Accordingly, Plaintiff's claims against Defendant Wright are dismissed.

Plaintiff also includes seven additional counts which are devoid of any supporting factual allegations. For instance, Count 10 simply states: "Indemnification (State Law)." (Doc. 1 at p. 4). Federal Rule of Civil Procedure 8 states complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, "[e]ach allegation must be simple, concise, and direct." *Id.* at (d)(1). Plaintiff's Complaint does not meet this requirement. The Seventh Circuit has consistently noted that "the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim." *Ross Bros. Const. Co. v. Int'l Steel Servs., Inc.*, 283 F.3d 867, 872 (7th Cir.2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). Plaintiff's Complaint does not provide the Court or the potential Defendants with adequate notice of his claims.

While Plaintiff named Defendant Lieutenant Tracy Brigae as a Defendant, he did not include any allegations pertaining to Defendant Brigae in his Complaint. *Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional violation.).

3

Finally, it appears that Plaintiff's allegations might not be properly joined in one lawsuit. Plaintiff is advised that unrelated claims against the same defendant may be joined in one action, but different defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . .").

Plaintiff's Complaint is dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A and as a violation of Federal Rule of Civil Procedure 8. The Court will allow Plaintiff one opportunity to file an Amended Complaint within 30 days of this Order. Plaintiff's Amended Complaint must stand complete on its own and must not refer to his previous Complaint. His Amended Complaint MUST clearly state what happened, when it happened, which Defendants were involved, how each Defendant was involved, and any harm Plaintiff suffered. Plaintiff MUST also provide the date each allegation occurred or a specific timeframe. If Plaintiff fails to file a timely Amended Complaint or fails to follow the Court's instructions, his case will be dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A and as a violation of Federal Rule of Civil Procedure 8.**

2) **Plaintiff shall have one opportunity to file an Amended Complaint within 30 days of this Order. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file his Amended Complaint on or before the deadline or fails to follow the Court's instructions, his case will be dismissed without prejudice.**

3) **The Clerk is directed to provide Plaintiff with a blank Section 1983 complaint form for his assistance.**

ENTERED:   10/30/2023

s/ James E. Shadid  
James E. Shadid  
United States District Judge